IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | No. 3:99-CR-83-S |
| § | |
| TIMOTHY FRANKLIN FOWLER, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated November 3, 2020, before the Court is the defendant's *Request for a Compassionate Release Motion Under 18 U.S.C. § 3582(c)(1)(A)(i) & 18 U.S.C. § 4205(g) as Amended by the First Step Act*, received on June 17, 2020 (doc. 40). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.     BACKGROUND**

Timothy Franklin Fowler (Defendant), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) Talladega in Talladega, Alabama, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (*See* doc. 40.)

On April 7, 1999, Defendant was charged by superseding indictment with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (c), and (d) (Counts One, Three, Five, and Seven); and four counts of using/carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts Two, Four, Six, and Eight). (*See* doc. 33 at 1.) He pled guilty to all eight counts. (*See id*.) On October 20, 1999, he was sentenced to 210 months' imprisonment on Counts One, Three, Five, and Seven, and to 60 months' imprisonment on Count Two, to run concurrently; and to 240 months' imprisonment on Counts Four, Six, and Eight, to run consecutively to one another, but concurrently with the other five counts. (*See* doc. 33.) The

United States Court of Appeals for the Fifth Circuit affirmed Defendant's convictions and sentences on June 1, 2000. *See United States v. Fowler*, No. 99-11201 (5th Cir. June 1, 2000).

Defendant, age 61, now seeks compassionate release "due to the severity of his sentence imposed, his chronic deteriorating medical conditions, his rehabilitative efforts, among other things asserted. . . ." (doc. 40 at 1, 3.) He also claims that "Bureau of Prisons officials are refusing to grant him appropriate treatment for his Hepatitis C." (*Id.* at 3.)

## II. ANALYSIS

"The Sentencing Reform Act of 1984 modified existing sentencing standards to allow federal courts to reduce defendants' sentences for 'extraordinary and compelling reasons,' a process often referred to as 'compassionate release.'" *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020). Under the act, only the Bureau of Prisons (BOP) could file motions for compassionate release on behalf of federal prisoners. *Id.* The First Step Act of 2018 (First Step Act), which became law on December 21, 2018, introduced several criminal justice reforms. *See United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (citing First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018)). One reform was to allow federal prisoners to file their own motions for compassionate release under § 3582(c)(1)(A) if the BOP refused to bring such a motion on their behalf.[1] *See United States v. Mincey*, No. 3-18-cr-165-K (01), 2020 WL 2201425, at *1 (N.D. Tex. Apr. 20, 2020) (quoting *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019)).

Section 3582(c)(1)(A) states:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

---

[1] Defendant also references 18 U.S.C. § 4205(g) as a statutory basis for the compassionate release he seeks. (*See* doc. 40 at 1.) Section 4205(g) applies only to offenses which occurred prior to November 1, 1987, the effective date of the statute's repeal. *See* 28 C.F.R. § 572.40. Because Defendant's offenses occurred after 1987, § 4205(g) does not apply, and § 3582(c)(1)(A) is the applicable statute. *See id.*

2

      (1) in any case–

          (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

              (i) extraordinary and compelling reasons warrant such a reduction; or

              (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

          and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Because Defendant is not at least 70 years old, the existence of "extraordinary and compelling reasons" is the only avenue of relief potentially available to him under § 3582(c)(1)(A). *See id.*

**A.**     <u>**Extraordinary and Compelling Reasons**</u>

As noted, § 3582(c)(1) permits a court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," and that a reduction is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement set forth in the United States Sentencing Guidelines (Sentencing Guidelines) provides that "extraordinary and compelling reasons" may exist based on the medical

3

condition of the defendant, his age, his family circumstances, or other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & App. Note 1. Because § 1B1.13 has not been amended since the First Step Act expanded the scope of § 3582(c)(1)(A) to allow defendants to directly seek compassionate release, and because the Sentencing Guidelines are not mandatory, some district courts in this circuit have concluded that § 1B1.13(1)(A) is not binding, and that a court may exercise its discretion to apply the policy statement. *See United States v. Delgado*, No. 3:17-CR-242-B (01), 2020 WL 2542624, at *2 & n.1 (N.D. Tex. May 19, 2020) (citing cases and exercising discretion to apply policy statement). The Court should exercise its discretion to apply the policy statement in this case. *See id.*; *United States v. Cooper*, Crim. No. H-09-132-1, 2020 WL 5552880, at *5 (S.D. Tex. Sept. 4, 2020) (denying motion for compassionate release and recognizing "limited and conflicting precedents—with almost no input from appellate courts or from the [Sentencing] Commission itself" relating to § 1B1.13).

Here, Defendant claims that he "is 61 years old, and has multiple chronic medical conditions, with the most severe being Hepatitis C." (doc. 40 at 3.) He claims that his liver lab reports show that the condition of his liver has continued to deteriorate from 1999 through the present, and attaches BOP medical records in support of his claims. (*See id.* at 3, 9-15.)

Extraordinary and compelling reasons in the context of a defendant's medical condition include when the defendant is terminally ill or "suffering from a serious physical or medical condition, . . . a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[2] *See* U.S.S.G. § 1B1.13(1)(A) & App. Note 1(A). Defendant

---

[2] A defendant's age may also provide "extraordinary and compelling reasons" warranting compassionate release where the defendant "(1) [is] at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health

4

does not allege any of these circumstances. He does not claim that he suffers from a terminal condition, and he does not provide any information demonstrating that his Hepatitis C, the current condition of his liver, or any other physical or medical condition, substantially diminishes his ability to care for himself while in custody. *See Delgado*, 2020 WL 2542624, at *3 (denying compassionate release in part due to failure to provide recent medical records "to establish how immunocompromised [the defendant] may now be, which would have allowed the Court to assess his current ability to provide self-care."); *United States v. Lance*, No. 3:14-CR-367-B-62, doc. 3406 at 3 (N.D. Tex. May 22, 2020) (denying compassionate release in part due to failure to provide information about the severity of the defendant's medical conditions). Considering the applicable policy statement, Defendant has not shown "extraordinary and compelling reasons," and therefore is not entitled to relief under § 3582(c)(1)(A).

**B.      Amendment to 18 U.S.C. § 924(c)**

Defendant also argues that the First Step Act's amendment to 18 U.S.C. § 924(c) constitutes an extraordinary and compelling reason for a sentence reduction. (*See* doc. 44 at 3-4.)

The First Step Act

amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to reduce the severity of "stacked" charges. Before the [First Step] Act, the 25-year minimum was triggered by any "second or subsequent conviction under this subsection." Now, it is triggered only by a repeat "violation . . . that occurs after a prior conviction under this subsection has become final." In other words, the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses. Now, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution.

---

because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(1)(B) & App. Note 1(B). This subsection is inapplicable here because Defendant is not at least 65 years old and does not allege that he has satisfied the remaining conditions under this subsection. (*See* doc. 40 at 3.)

*United States v. Gomez*, 960 F.3d 173, 176-77 (5th Cir. 2020) (footnotes and citations omitted); *see also United States v. Hudec*, Crim. No. 4:91-1-1, 2020 WL 4925675, at *4 (S.D. Tex. Aug. 19, 2020) ("[The First Step Act] amended § 924(c) to provide that the consecutive term for a successive § 924(c) offense does not apply unless the defendant had a previous, final conviction for a § 924(c) charge at the time of the offense."). By its express terms, the amendment is not retroactive to offenses committed before the First Step Act's December 21, 2018 effective date, except when "a sentence for the offense ha[d] not been imposed as of such date." *Gomez*, 960 F.3d at 177 (quoting First Step Act, § 403(b), 132 Stat. at 5222).

Although the Fifth Circuit has not expressly ruled on whether the First Step Act's amendment to § 924(c) may constitute an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A), district courts within the Fifth Circuit have concluded that it does not. *See, e.g., United States v. Ross*, No. 3:08-CR-0167-B-3, 2020 WL 3977113, at *2 (N.D. Tex. July 14, 2020) (addressing the First Step Act's amendment to § 924(c) and finding that "the passage of the First Step Act does not constitute an extraordinary and compelling reason for a sentence reduction."); *United States v. Ford*, No. 4:13-CR-215, 2020 WL 5073914, at *7 (E.D. Tex. Aug. 27, 2020) ("the stacking of § 924(c) offenses does not create extraordinary and compelling circumstances warranting a sentence reduction given the nature and characteristics of the offense of conviction. . . ."); *Hudec*, 2020 WL 4925675, at *4 (rejecting argument that the First Step Act's amendments to 924(c) warranted compassionate release). The Court agrees with the findings of these cases. To conclude otherwise, namely that a post-conviction, non-retroactive change in law solely constitutes an extraordinary and compelling reason warranting compassionate release, would render "every inmate who might receive a reduced sentence today [ ] eligible for compassionate release. . . ." *Ross*, 2020 WL 3977113, at *2 (quoting *United States v. Cisneros*,

Cr. No. 99-00107 SOM, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020)). Accordingly, the First Step Act's amendment to § 924(c) does not save Defendant's motion, and he has not shown the existence of extraordinary and compelling reasons for release.

### C.     18 U.S.C. § 3553(a) Factors

Even if Defendant had shown the existence of extraordinary and compelling reasons warranting a sentence reduction, the discretion to reduce his sentence would still be subject to consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) ("When ruling on a motion for modification of sentence, a district court need not mention the § 3553(a) factors or articulate its reasoning for why the factors support its decision on the motion . . . . But, it must consider them.") (internal citations omitted); *see also United States v. Espinal*, Nos. 08-cr-242 (ARR), 09-cr-683 (ARR), and 16-cr-349 (ARR), 2020 WL 2092484, at *2 (E.D.N.Y. May 1, 2020) (identifying consideration of §3553(a) factors as the third prerequisite to relief under § 3582(c)(1)(A)(i) following exhaustion of administrative remedies and evaluation of extraordinary and compelling reasons); *United States v. Morris*, Crim. A. No. 12-154 (BAH), 2020 WL 2735651, at *7 (D.D.C. May 24, 2020) (determining that the § 3582(c)(1)(A) inquiry does not end after finding the existence of extraordinary and compelling reasons because "both statute and policy statement instruct courts" to consider § 3553(a) factors).

The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established for–
>>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>>>(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code . . .; and
>>>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>
>>(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code . . .;
>
>(5) any pertinent policy statement–
>>(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code . . .; and
>>(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
>
>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Relevant here, Defendant has served only approximately one-third of his sentence and has paid less than one-third of the amount ordered as restitution to the banks he robbed. (*See* doc. 33 at 3, 5; doc. 40 at 3-4.) Further, although he claims that he has been employed from 1999-2020 while incarcerated and has participated in education and self-help programs provided by the BOP, he has not provided any information regarding his post-conviction rehabilitation efforts over the last five years. Based on the seriousness of his offenses, his sentence and the amount of time he has served to date, and the outstanding amount owed in restitution, coupled with the lack of any

recent post-conviction information in support of release, the applicable § 3553(a) factors do not weigh in favor of release, even assuming the existence of "extraordinary and compelling reasons."

**D.     Civil Claims**

Defendant's motion alleges that he is pursuing administrative remedies for the BOP's refusal to provide him with "much needed" and "appropriate" medical treatment for Hepatitis C. (doc. 40 at 2, 3.)  To the extent Defendant is now seeking any relief on this basis other than compassionate release, he may not litigate any claims alleging inadequate medical care during his federal incarceration in this closed criminal action.  They must be raised in a separate civil action against the appropriate parties under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  They may also be filed "only in the judicial district where any defendant resides, if all the defendants reside in the same State, or where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be found, if there is no district where the action may otherwise be brought." *Valdez v. United States Marshal Serv.*, No. 6:13-cv-2376, 2014 WL 4103204, at *3 (W.D. La. Aug. 13, 2014); *see also* 28 U.S.C. § 1391(b) (governing venue).  In addition, the Prison Litigation Reform Act (PLRA) requires that all prisoners who bring a civil action must pay the full $400.00 filing fee, although the fee may be paid in installments that are automatically withdrawn from the inmate trust account of a prisoner who is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).[1]  Because of the $400.00 filing fee, and because it is not clear that he is currently seeking relief on this basis in this venue, Defendant's allegations are not liberally construed as a new civil action.

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id.*  The $50 administrative fee will not be deducted.  *Id.*

### III. RECOMMENDATION

Defendant's *Request for a Compassionate Release Motion Under 18 U.S.C. § 3582(c)(1)(A)(i) & 18 U.S.C. § 4205(g) as Amended by the First Step Act*, received on June 17, 2020, should be **DENIED**.

**SIGNED this 17th day of November, 2020.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE